```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAWRENCE MICHAELS                  :
                                   :
         Plaintiff,                :      CIVIL ACTION
                                   :
    vs.                            :      NO. 04-CV-3250
                                   :
THE EQUITABLE LIFE ASSURANCE       :
SOCIETY OF THE UNITED STATES       :
EMPLOYEES, MANAGERS, AND AGENTS    :
LONG-TERM DISABILITY PLAN          :
         and                       :
AXA FINANCIAL, INC.                :
                                   :
         Defendants                :
```

### MEMORANDUM AND ORDER

**JOYNER, J.**                                      June 20, 2005

This disability benefits case is now before the Court for resolution of Cross-Motions for Summary Judgment. For the reasons which follow, both Motions are denied.

### Factual Background

In early July 1997, Lawrence Michaels was a healthy 51 year-old, employed as a tax attorney with Edwards & Angell, LLP. (Plaintiff's Statement of Material Facts, ¶ 5). On July 12, 1997, Michaels suffered a horseback riding accident. (Id.) As a result of that accident, Michaels sustained a fracture of his left femur. (Id.) Michaels immediately underwent surgery to repair the fracture, and a femoral rod was inserted into his left leg. (Id.) After five days of hospitalization, Michaels returned to his home and began treatment with Dr. Eric Katz, an

orthopaedic surgeon.  (Id. at ¶ 6).  Michaels continued treatment with Dr. Katz, due to ongoing pain in his leg and hip.  (Id.)  As a result of Michaels' physical impairments, he could not perform the duties of his occupation.  (Id. at ¶ 7).  Consequently, Michaels was terminated from his employment at Edwards & Angell in 1998.  (Id.)  Also in 1998, Michaels began treatment for depression with psychiatrist Aaron Tessler, M.D.  (Id. at ¶ 12).

In January 1999, Michaels began working at the Equitable Life Assurance Society of the United States ("Equitable").  (Id. at ¶ 8).  As an employee, Michaels was a participant in the Equitable Life Assurance Society of the United States Employees, Managers and Agents Long-Term Disability Plan ("Plan").  (Id.)  Michaels ceased working on May 25, 1999 due to continuing pain in his left hip and difficulty with ambulation.  (Id. at ¶ 9).

In May 1999, Aetna approved Michaels for short-term disability benefits from Equitable.  (Id. at ¶ 19).  In November 1999, he was further approved by Aetna and began receiving long-term disability benefits under the Plan.  (Id.)  Michaels' disability benefits through Equitable continued until he was notified by letter that his benefits were being terminated, effective May 26, 2001.  (Id. at ¶ 20).  The letter stated that Michaels' benefits were being terminated because "[w]hen your disability is the result of a mental/nervous condition as defined by the policy, benefits are limited to 24 months of a certified disability, unless hospital confined."  (Id.)

By letter from his attorney dated July 16, 2001, Michaels appealed the decision to terminate his benefits. (Id. ¶ 22). Michaels' appeal was based on the assertion that his disability did not arise from a mental condition, but rather resulted from his physical injuries. (Id.) Despite Michaels' objections, Aetna denied his appeal, upholding its original decision to terminate his long-term disability benefits. (Id. at ¶ 28).

In Count I of his Complaint, Michaels alleges that, by refusing to provide him with long-term disability benefits since May 2001, the Plan violated both its terms and the Employee Retirement Income Security Act of 1974 ("ERISA") (Compl., ¶ 16). Michaels further alleges in Count II that Equitable's parent company, AXA Financial, breached its fiduciary duty by neither informing him that its disability decision would be based on whether he could perform "any occupation," nor providing him with the opportunity to submit information pertinent to that standard. (Id. at ¶ 21). For their part, Defendants assert that the decision to terminate Michaels' benefits was supported by substantial evidence in the administrative record and did not constitute an abuse of the Plan Administrator's discretion. (Ans., p.4).

### Standards Governing Summary Judgment Motions

In deciding a motion for summary judgment under Fed.R.Civ.P. 56(c), a court must determine "whether there is a genuine issue of material fact and, if not, whether the moving party is

entitled to judgment as a matter of law." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (internal citation omitted). Indeed, Rule 56(c) provides that summary judgment is properly rendered:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Stated more succiently, summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-32 (1986). An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Discussion

**A.   Arbitrary and Capricious Standard of Review**

     **in ERISA Actions**

Under ERISA, a plan should determine benefits eligibility by providing a "full and fair review" of all evidence relating to the alleged disability. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 102 (1989). Where an ERISA plan administrator or fiduciary has been given discretion to determine eligibility for

benefits or to construe the terms of the plan, its decisions are reviewed under an "arbitrary and capricious" standard.  <u>Id.</u> at 115.  The scope of such review is "narrow," and a court may not "substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits."  <u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433, 440 (3d Cir. 1997).

An exception to the "deferential" arbitrary and capricious standard exists where evidence of the administrator's partiality is present.  <u>Doyle v. Nationwide Ins. Co.</u>, 240 F. Supp. 2d 328, 336 (E.D. Pa. 2003).  Where there is evidence of partiality, a "heightened" standard of arbitrary and capricious review is required.  <u>Id.</u>  Courts are particularly willing to apply heightened scrutiny where there is evidence of procedural anomalies in making benefits determinations.  <u>See</u> <u>Holzschuh v. UNUM Life Ins. Co.</u>, 2002 WL 1609983 *6 (E.D. Pa. 2002).

Plaintiff in this action argues that a heightened form of arbitrary and capricious review is warranted.  Plaintiff's assertion is founded upon the factual allegation that Equitable both funds and administers the Plan.  (Plaintiff's Motion for Summary Judgment, p.17).  Moreover, Plaintiff alleges both administrator partiality and procedural anomalies in Equitable's resolution of Michaels' disability application.  (<u>Id.</u> at 15, 17).  Defendants, however, argue that a deferential arbitrary and capricious standard is appropriate.  Defendants' argument is supported by the assertion that the Plan is funded by a trust

fund which is unequivocally restricted to plan uses. (Defendants' Motion for Summary Judgment, p.9); <u>See</u> <u>also</u> <u>Pinto v. Reliance Standard Life Ins. Co.</u>, 214 F.3d 377, 383 (3d Cir. 2000) (stating that where plan assets are restricted solely to plan uses, no conflict of interest exists which might implicate a more exacting standard of review).

Regardless of whether the deferential or heightened version of the arbitrary and capricious standard is appropriate, several genuine issues of material fact exist.  Specifically, the evidence on several substantive issues is such that a reasonable jury could return a verdict for either party.  Accordingly, this Court may not properly grant either Plaintiff's or Defendants' Motions for Summary Judgment.

**B.     Count I: Termination of Plaintiff's ERISA Benefits**

Decisions regarding several factual issues would impact the final determination of whether the Plan acted arbitrarily and capriciously in terminating Plaintiff's benefits.  First, the parties dispute whether or not the versions of the Plan received and relied on by Plaintiff incorporated the twenty-four month psychological disability limitation.  (Compare Plaintiff's and Defendants' Statements of Facts, ¶¶ 4, 36).  Second, the parties differ as to whether Plaintiff received disability benefits for physical or psychological problems.  (<u>Id.</u> at ¶¶ 9, 12).  Third, the parties disagree about whether the evidence provided by several healthcare professionals indicates that Plaintiff was

able to engage in any type of gainful employment.  (Id. at ¶¶ 15, 16, 53, 54).  Because this case presents several genuine issues of material fact relevant to whether the Plan acted arbitrarily and capriciously in terminating Plaintiff's benefits, this Court denies both Motions for Summary Judgment with respect to Count I.

    **C.**    **Count II: Fiduciary Duty Claim**

Defendants further assert that they are entitled to summary judgment as a matter of law in regard to Count II of Plaintiff's Complaint, which avers that AXA Financial breached its fiduciary duty.  Defendants argue that Plaintiff fails to state a valid claim under ERISA §502(a)(3) because §502 solely provides redress for ERISA or plan violations, and not breaches of fiduciary duty. See 29 U.S.C. 1332(a)(3).  Defendants further allege that no violations under ERISA or the Plan occurred in this case.

Contrary to Defendants' assertions, one way ERISA protects employee benefits is by setting forth general fiduciary duties applicable to the management of benefit plans. Varity Corp. v. Howe, 516 U.S. 489, 496 (1996).  When interpreting the scope of fiduciary duties under ERISA, courts consider both the statutory language and its underlying purposes, such as enhanced protection of employee benefits. Id. at 490.  The wording of ERISA §502 (a)(3) provides "appropriate equitable relief," including individual compensation for breach of a fiduciary duty. Id. at 510.  Moreover, fiduciary obligations under ERISA are broad, rather than merely limited to "managing plan assets." Id. at

7

511. Accordingly, this Court finds it inappropriate to grant Defendants' Motion for Summary Judgment with respect to Count II.

Because a genuine issue of material fact exists in regard to Count II, this Court likewise denies Plaintiff's Motion for Summary Judgment.  Specifically, the parties dispute whether AXA gave Plaintiff an opportunity to submit additional information pertaining to his alleged disability and ability to engage in "any occupation."  (Compare Plaintiff's and Defendants' Statements of Facts, ¶ 51).  The factual determination of whether AXA allowed Plaintiff to present evidence is relevant in deciding if AXA breached its fiduciary obligations.  Thus, summary judgment is not appropriate with respect to Count II.

An order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
LAWRENCE MICHAELS              :
                               :
          Plaintiff,           :   CIVIL ACTION
                               :
     vs.                       :   NO. 04-CV-3250
                               :
THE EQUITABLE LIFE ASSURANCE   :
SOCIETY OF THE UNITED STATES   :
EMPLOYEES, MANAGERS, AND AGENTS:
LONG-TERM DISABILITY PLAN      :
          and                  :
AXA FINANCIAL, INC.            :
                               :
          Defendants           :
```

**ORDER**

AND NOW, this 20th day of June, 2005, upon consideration of Plaintiff's Motion for Summary Judgment (Document No. 10), Defendants' response thereto (Document No. 21), Defendant's Motion for Summary Judgment (Document No. 19), and Plaintiff's response thereto (Document No. 20), it is hereby ORDERED that both Motions are DENIED.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, J.